IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CARLOS BUSH, )<br>)<br>Movant, )<br>)<br>) | Case No. 2:23-cv-2661-JPM-tmp |
| v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. ) | |

**ORDER DENYING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Before the Court is Movant Carlos Bush's ("Movant's" or "Bush's") Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. (ECF No. 1.)[1] For the reasons discussed below, Bush's Petition is **DENIED**.

**I.      BACKGROUND**

On March 23, 2010, a Grand Jury in this District returned an indictment against Bush, charging him with a violation of 18 U.S.C. § 922(g). (See 2:10-cr-20135-JPM (W.D. Tenn.), ECF No. 1 at PageID 1.) On June 21, 2011, Bush entered a guilty plea as to the violation of 18 U.S.C. § 922(g). (See 2:10-cr-20135-JPM (W.D. Tenn.), ECF No. 40 at PageID 37.) As part of his plea agreement, Bush, subject to three enumerated exceptions, "waive[d] and [gave] up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under

---

[1] Bush's form states he brings his Petition under 28 U.S.C. § 2225. (See ECF No. 1 at PageID 1.) This appears to be a typo on the template.

1

28 U.S.C. § 2255." (See 2:10-cr-20135-JPM (W.D. Tenn.), ECF No. 41 at PageID 40–41.)

Bush also acknowledged that if the Court found he had three or more prior felony convictions for serious or violent drug offenses, he would be subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which would increase his punishment by statute. (See id. at PageID 39.) On November 15, 2011, the Court sentenced Bush to 180 months' imprisonment to be served consecutively to sentences in two state cases, followed by three years of supervised release. (See 2:10-cr-20135-JPM, ECF No. 52 at PageID 62–65.)

On October 18, 2023, Bush filed the instant Petition. (ECF No. 1.) On December 4, 2023, Respondent United States of America ("Respondent" or the "Government") responded. (ECF No. 5.) On February 12, 2024, Bush filed his Reply. (ECF No. 8.)

**II.   LEGAL STANDARD**

A petition under § 2255 "permits district courts to vacate, set aside, or correct sentences in federal cases." Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006). "A prisoner seeking relief under § 2255 "'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" Id. (quoting Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003)).

A prisoner, however, may waive his right to bring a postconviction challenge under § 2255. See Portis v. United States, 33 F.4th 331, 334 (6th Cir. 2022) This waiver must be done knowingly and voluntarily. Id. "Plea agreements are contractual in nature" and "are to be enforced according to their terms." United States v. Moncivais, 492 F.3d 652, 662 (6th Cir. 2007).

2

### III.  ANALYSIS

####   A.  **Explicit Waiver**

Like the Portis majority, the Court "begin[s] and end[s] with the plea agreement." See 33 F.4th at 334. Because Bush explicitly "waive[d] and [gave] up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255," (2:10-cr-20135-JPM (W.D. Tenn.), ECF No. 41 at PageID 40), he "waive[d] [his] right to challenge his conviction[] in 'a proceeding under 28 U.S.C. § 2255.'" See Portis, 33 F.4th at 334.

Thus, the Court moves on to examine if this waiver was done knowingly and voluntarily. See id. The Court then examines if Bush is bringing the instant Petition pursuant to any of the exceptions laid out in his plea agreement. (See 2:10-cr-20135-JPM (W.D. Tenn.), ECF No. 41 at PageID 40–41.)

####   B.  **Knowing and Voluntary Waiver**

Here, the Court examines if Bush knowingly and voluntarily waived his right to collaterally attack his conviction. See Portis, 33 F.4th at 334. To do so, the Court examines the record to see if Bush was threatened into pleading guilty, was represented by counsel, indicated he understood the plea agreement, and indicated he understood he was waiving his right to collaterally attack the plea.[2] See Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999).

The Government argues Bush knowingly and voluntarily waived his right to a post-conviction challenge under § 2255. (ECF No. 5 at PageID 19.) Bush does not address this argument in his initial Petition or his Reply. (Cf. ECF Nos. 1, 8.)

The plea agreement indicates Bush understood his right to challenge his conviction

---

[2] This is a non-exhaustive list.

3

under § 2255 and discussed it with his attorney, who "explained [it] to his satisfaction." (See 2:10-cr-20135-JPM (W.D. Tenn.), ECF No. 41 at PageID 40–41.) The plea agreement concluded with the following paragraph:

> [Bush] agrees that this Plea Agreement constitutes the entire agreement between himself and the United States and that no threats have been made to induce him to plead guilty. By signing this document, [Bush] acknowledges that he has read this agreement, has discussed it with his attorney and understands it. [Bush] acknowledges that he is satisfied with his attorney's representation.

(2:10-cr-20135-JPM (W.D. Tenn.), ECF No. 41 at PageID 42.)

Because Bush indicated he understood his right to challenge his conviction, fully read and understood the plea agreement, and was not threatened to plead guilty, he knowingly and voluntarily executed the waiver. See Watson, 165 F.3d at 489; see also United States v. Pullum, No. 3:11-CR-143-H, 2014 WL 3740588, at *4 (W.D. Ky. July 30, 2014) (finding knowing and voluntary waiver of movant's right to bring a § 2255 challenge where the plea agreement stated movant "read this [a]greement and carefully reviewed every part of it with [his] attorney" such that he "fully underst[oo]d it and . . . voluntarily agree[d] to it").

### C.     Exceptions Under the Plea Agreement

Because the waiver is enforceable, see supra Sections III.A, III.B, the Court now examines if Bush's Petition falls under any of the enumerated exceptions to his waiver. Bush's waiver of his right to collaterally attack his plea under § 2255 was subject to three exceptions:

1. "any claim relating to prosecutorial misconduct or ineffective assistance of counsel";
2. "any sentence imposed in excess of the applicable statutory maximum sentence(s)"; and
3. "any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the Court at the time [the] sentence is imposed."

(See 2:10-cr-20135-JPM (W.D. Tenn.), ECF No. 41 at PageID 40–41.)

The Court finds Bush's Petition does not fall under any exception to his waiver. Bush

4

alleges he is entitled to relief on four grounds, all of which involve application of recent Supreme Court caselaw which were not available at the time of conviction or sentencing. (See ECF No. 1 at PageID 4–8.) Bush alleges:

1. under United States v. Taylor, 142 S. Ct. 2015 (2022), "murder and robbery are no longer crimes of violence" under ACCA;
2. under New York State Rifle and Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022), his conviction under 18 U.S.C. § 922(g) is unconstitutional;
3. under Rehaif v. United States, 139 S. Ct. 2191 (2019), his conviction was invalid because the Government did not prove Bush knowingly possessed a firearm and knew he did not belong to the relevant class of people barred from possessing a firearm; and
4. under Borden v. United States, 141 S. Ct. 1817 (2021), "burglary and robbery are no longer crimes of violence" under ACCA.

(ECF No. 1 at PageID 4–8.) Bush does not argue that his Petition falls under any of the enumerated exceptions to his waiver. (Cf. ECF Nos. 1, 8.) However, the Court addresses each exception in turn.

First, none of these four grounds involve prosecutorial misconduct or ineffective assistance of counsel. (See id. at PageID 4–8.) Thus, they do not fall under the first exception to Bush's waiver. (See 2:10-cr-20135-JPM (W.D. Tenn.), ECF No. 41 at PageID 40–41.)

Next, Bush may argue that his collateral challenge under Taylor or Borden falls under the second exception because without the underlying crimes of violence, his ACCA sentencing would be "in excess of the maximum statutory guidelines." (See 2:10-cr-20135-JPM (W.D. Tenn.), ECF No. 41 at PageID 40–41.) This argument, however, is unavailing. Bush "waived his right to collaterally attack his sentence, including his designation as an armed career criminal. The subsequent developments in this area of the law 'do[ ] not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature.'" Slusser v. United States, 895 F.3d 437, 440 (6th Cir. 2018) (quoting United States v. Bradley, 400 F.3d 459, 463 (6th Cir. 2005)). Furthermore, "excess" under this exception can only be measured at the time of

5

the sentence. Portis, 33 F.4th at 337. Thus, because the Court properly sentenced Bush within the ACCA guidelines, (see 2:10-cr-20135-JPM (W.D. Tenn.), ECF No. 51 at PageID 58), the second exception does not apply. (See 2:10-cr-20135-JPM (W.D. Tenn.), ECF No. 41 at PageID 40–41.)

Finally, Bush may make the same argument from the second exception for the third exception, arguing his sentence is an "upward departure from the advisory guideline sentencing range." (See id.) This argument is similarly unavailing, as this departure would be measured at the time of sentencing. (See id.) Because the caselaw Bush cites was not available at that time, the third exception does not apply. (See id.)

## IV.   CONCLUSION[3]

For each of the reasons set forth above, Bush's Petition is **DENIED**.

**IT IS SO ORDERED**, this 21st day of February, 2025.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court decides Bush's Petition on grounds of the waiver, it does not reach the substance of his cited caselaw. (See ECF No. 1 at PageID 4–8; ECF No. 4 at PageID 20–27.)